UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROMÁN Y GORDILLO, S.C. and ALBERTO ROMÁN PALENCIA,<br><br>        Plaintiffs,<br><br>   -against-<br><br>THE BANK OF NEW YORK MELLON CORPORATION, as successor-in-interest to THE BANK OF NEW YORK, INC.<br><br>      Defendant/Third-Party Plaintiff<br><br>   -against-<br><br>GRUPO AZUCARERO MEXICO, S.A. DE C.V., ROTHSCHILD TRUST CORPORATION LIMITED, and CARGILL FINANCIAL SERVICES INTERNATIONAL, INC.,<br><br>      Third-Party Defendants. | **ECF Case**<br><br>12-CV-0212 (WHP)(DCF)<br><br>**ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND THIRD-PARTY COMPLAINT** |

## ANSWER

Defendant/Third-party Plaintiff, The Bank of New York Mellon ("BNYM"), formerly known as The Bank of New York, and improperly named as "The Bank of New York Mellon Corporation, as successor-in-interest to The Bank of New York Inc.," by and through its undersigned counsel, as and for its Answer, Counterclaim and Third-Party Complaint in response to the Amended Complaint (the "Complaint"), herby states as follows:

1.     BNYM denies knowledge or information sufficient upon which to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.     BNYM denies knowledge or information sufficient upon which to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. BNYM denies knowledge or information sufficient upon which to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. BNYM denies the allegations contained in paragraph 4 of the Complaint, except admits that The Bank of New York Mellon Corp. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at One Wall Street, New York, New York 10286.

5. BNYM denies the allegations contained in paragraph 5 of the Complaint, except admits that the merger was between The Bank of New York Company, Inc. and Mellon Financial Corporation.

6. BNYM denies the allegations contained in paragraph 6 of the Complaint, except admits that it is the successor-in-interest to The Bank of New York.

7. BNYM denies knowledge or information sufficient upon which to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except admits that BNYM, as successor to The Bank of New York is party to an Indenture, dated January 28, 1998 (the "Indenture"), entered into by and among Grupo Azucarero Mexico, S.A. de C.V. ("GAM") as the Issuer, the Subsidiary Guarantors, and The Bank of New York as the Trustee, under which GAM issued 11 ½% Series B Senior Notes due 2005 (the "Original Notes").

8. BNYM asserts that paragraph 8 of the Complaint sets forth a legal conclusion to which no response is required, except admits that the amount in controversy exceeds $75,000.

9. BNYM asserts that paragraph 9 of the Complaint sets forth a legal conclusion to which no response is required.

10. BNYM asserts that paragraph 10 of the Complaint sets forth a legal conclusion to which no response is required.

11. BNYM asserts that paragraph 11 of the Complaint does not require a response.

## FIRST CAUSE OF ACTION

12. BNYM repeats and realleges every response set forth in paragraphs 1-11 as if each was fully set forth herein.

13. BNYM denies the allegations contained in paragraph 12 of the Complaint, except admits that The Bank of New York, as trustee, retained ROMÁN Y GORDILLO, S.C. to represent The Bank of New York, as indenture trustee, solely with regard to a petition, filed by GAM on or about May 9, 2000, with the First Court of Bankruptcy in Mexico City for Suspension of Payment.

14. BNYM, with respect to paragraph 13 of the Complaint, asserts that the engagement letter is the best evidence of its contents and respectfully refers the Court to the engagement letter for the contents thereof.

15. BNYM asserts that paragraph 14 of the Complaint does not require a response.

16. BNYM, with respect to paragraph 15 of the Complaint, asserts that the engagement letter is the best evidence of its contents and respectfully refers the Court to the engagement letter for the contents thereof.

17. BNYM denies the allegations contained in paragraph 16 of the Complaint, except admits that Plaintiffs provided legal services to The Bank of New York, as indenture trustee.

18. BNYM denies the allegations contained in paragraph 17 of the Complaint.

19. BNYM denies the allegations contained in paragraph 18 of the Complaint.

20. BNYM denies the allegations contained in paragraph 19 of the Complaint and asserts that the Engagement Letter is the best evidence of its contents and respectfully refers the Court to the Engagement Letter for the contents thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

21. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

22. Plaintiffs' claims are barred in whole or in part, by the doctrines of waiver, estoppel, laches and/or ratification .

### THIRD AFFIRMATIVE DEFENSE

23. Plaintiffs' claims are barred in whole, or in part, by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

24. Plaintiffs' damages, in whole or in part, were caused by its own actions or failures to act.

### FIFTH AFFIRMATIVE DEFENSE

25. On March 23, 2005, The Bank of New York, as Trustee to certain noteholders under the Indenture, engaged Román y Gordillo, S.C. as counsel in the bankruptcy proceeding pending in Mexico. (Engagement Letter, Exhibit A to the Complaint).

26. In June 2006, GAM distributed a Consent Solicitation Statement to the holders of the Original Notes seeking approval of a general preventive agreement (*convenio general prevention*)(the "Plan").

27. The Plan was approved by the Mexican Court on August 25, 2006.

28. Following publication for public notice of such approval, on November 25, 2006, the Plan became final and no longer subject to appeal or nullity action.

29. Pursuant to the Plan, GAM offered to exchange (the "Exchange Offer") Original Notes for newly issued Peso denominated notes (the "Peso Notes").

30. Upon information and belief, holders of approximately U.S. $64,443,000 principal amount of Original Notes elected to participate in the Exchange Offer and received Peso Notes.

31. On September 1, 2008, GAM, delivered certificate of deposit No. K885433 (the "CD") to Plaintiffs in the amount of Ps $28,583,667.40, payable to The Bank of New York, now known as BNYM, in respect of Original Notes not tendered in response to the Exchange Offer.

32. BNYM has demanded that Plaintiffs deliver the CD to BNYM, as indenture trustee.

33. Plaintiffs have refused to deliver the CD to BNYM, thereby preventing BYNM, as rightful owner of the CD from collecting upon and/or negotiating the CD.

34. As a result of Plaintiffs improper withholding of the CD, Plaintiffs have breached their professional obligations and duties owed to BNYM by way of the Engagement Letter attached as Exhibit A to the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

35. Upon information and belief, Plaintiffs' claim for legal fees includes services allegedly provided to holders who received the Peso Notes, as well as services allegedly provided to The Bank of New York, as indenture trustee, in connection with the Original Notes.

36. Upon information and belief, Plaintiffs permitted GAM to make a direct distribution (the "Peso Distribution") to the holders of the Peso Notes, without any consideration passing through BNYM, as indenture trustee.

37. Plaintiffs permitted GAM to make the Peso Distribution without informing BNYM, as indenture trustee (the "Peso Distribution").

38. Plaintiffs' failure to inform BNYM, as indenture trustee, that GAM was making the Peso Distribution was in violation of the Engagement Letter.

39. At the time of the Peso Distribution, Plaintiffs' failed to seek any alleged legal fees that may have been incurred as a result of the Peso Distribution, whether payable from the Peso Distribution or by GAM.

40. Upon information and belief, the Complaint seeks the payment of alleged legal fees that may have been incurred as a result of the Peso Distribution, whether payable from the Peso Distribution or by GAM.

41. Plaintiffs' failure to recover alleged legal fees for services allegedly rendered in connection with the Peso Distribution constitutes a breach of the professional obligations and duties owed to BNYM, as indenture trustee.

**WHEREFORE**, Defendant BYNM demands judgment against Plaintiffs dismissing the Complaint with prejudice, awarding costs and disbursements of this action, and granting such other and further relief as is just and proper.

## COUNTERCLAIM

Defendant BNYM, by way of its Counterclaim against Plaintiffs, alleges as follows:

### FIRST COUNTERCLAIM

42. Defendant BNYM repeats and realleges paragraphs 25-41 as if each was fully set forth herein.

43. Under the laws of the State of Mexico and the Engagement Letter, Plaintiffs owe a fiduciary duty to BNYM, as indenture trustee.

44. In the context of their fiduciary relationship with BNYM, as indenture trustee, Plaintiffs collected the CD.

45. Upon information and belief, Plaintiffs are still in possession of the CD.

46. Plaintiffs have failed to deliver the CD to BNYM despite repeated demands.

47. By reason of Plaintiffs' wrongful withholding of the CD in direction contravention of BNYM's demands and instructions, Plaintiffs have breached their fiduciary duty to BNYM.

**WHEREFORE,** BNYM demands judgment against Plaintiffs ordering the immediate delivery of the CD, together with such other and further relief as this Court deems just and proper, including, but not limited to, reasonable attorneys' fees, costs and disbursements of this action.

## **THIRD-PARTY COMPLAINT**

Defendant/Third-Party Plaintiff BNYM, by way of Third-Party Complaint alleges as follows:

## **THE PARTIES**

48. Upon information and belief, Third-Party Defendant GAM is a corporation with variable capital (sociedad anónima de capital variable) organized and existing under the laws of the United Mexican States. GAM maintains its principal office at Monte Cáucaso No. 915-4th Floor, Col. Lomas de Chapultepec, 11000, Mexico, D.F.

49. Pursuant to the Indenture, GAM designated and appointed CT Corporation System in New York as its respective authorized agent upon which process may be served in any suit or proceeding arising out of or relating to the Indenture. (Indenture, § 112). GAM further agreed to "submit to the jurisdiction of the U.S. federal and New York state courts located in the

Borough of Manhattan, City and State of New York for purposes of all legal actions and proceedings instituted in connection with ... the Indenture." (Indenture, § 111).

50. Upon information and belief, Third-Party Defendant Cargill Financial Services International, Inc. ("Cargill") is a Delaware corporation with a principal place of business located at 12700 Whitewater Drive, Minnetonka, MN 55343-9439.

51. Upon information and belief, Cargill's registered agent for service of process is CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

52. Pursuant to a direction letter dated September 21, 2005 (the "Cargill Direction Letter"), Cargill agreed that "all actions and proceedings relating to or arising from ... [the] Direction Letter may be brought ... in state or federal courts located within the Borough of Manhattan in the City and State of New York ...." (Cargill Direction Letter, p. 3). Cargill also submitted "to personal jurisdiction of such courts for such actions and proceedings." (Id.)

53. Upon information and belief, Third-Party Defendant Rothschild Trust Corporation Limited is a United Kingdom corporation with a principal place of business located at New Court, St. Swithin's Lane, London EC4P 4DU, United Kingdom.

54. Pursuant to a direction letter dated September 20, 2005 (the "Rothschild Direction Letter"), Rothschild agreed that "all actions and proceedings relating to or arising from ... [the] Direction Letter may be brought ... in state or federal courts located within the Borough of Manhattan in the City and State of New York ...." (Rothschild Direction Letter, p. 3). Rothschild also submitted "to personal jurisdiction of such courts for such actions and proceedings." (Id.)

55. Third-Party Plaintiff BNYM was established in 2007 by merger of Mellon Financial Corporation and The Bank of New York Company, Inc. BNYM is a wholly owned

subsidiary of The Bank of New York Mellon Corporation and maintains a principal place of business at One Wall Street, New York, New York 10286.

## FIRST CAUSE OF ACTION
(Against GAM)

56. Defendant/Third-Party Plaintiff BNYM repeats and realleges paragraphs 48-55 as if each was fully set forth herein.

57. Under to the Indenture, GAM agreed to:

*** 

> (ii) ... to reimburse the Trustee upon its request for all reasonable expenses, disbursements and advances incurred or made by the Trustee in accordance with any provision of this Indenture (including the reasonable compensation and the expenses and disbursements of its agents and counsel), except any such expenses, disbursement or advance as may be attributable to its negligence or bad faith; and
>
> (iii) Indemnify the Trustee for, and to hold it harmless against any loss, liability or expense (including the reasonable compensation and expenses of its counsel and other Persons not regularly in its employ incurred without negligence or bad faith on its part, arising out of or in connection with the acceptance or administration of this trust, including the costs and expenses of investigating or defending itself against any claim or liability in connection with the exercise or performance of any of its powers or duties hereunder.
>
> The obligations of the Company [GAM] under this Section to compensate the Trustee, to pay or reimburse the Trustee for expenses, disbursements and advances and to indemnify and hold harmless the Trustee shall constitute additional indebtedness hereunder and shall survive the satisfaction and discharge of this Indenture.

(Indenture, § 607).

58. Pursuant to the terms of the Indenture, GAM is required to indemnify BNYM for any and all costs, disbursements and attorneys' fees incurred in defending the Complaint.

59. In the event Plaintiffs recover damages against BNYM, GAM will be liable to BNYM for the amount of such damages, plus interest and costs.

**WHEREFORE**, Defendant/Third-Party Plaintiff BNYM demands judgment against Third-Party Defendant GAM in an amount to be determined at trial, plus, attorneys' fees, interest and costs and such other and further relief as is just and proper.

### SECOND CAUSE OF ACTION
### (Against Cargill)

60. Defendant/Third-Party Plaintiff BNYM repeats and realleges paragraphs 48-59 as if each was fully set forth herein.

61. Pursuant to the Cargill Direction Letter, Cargill instructed BNYM as Trustee under the Indenture to:

> Sign, acknowledge, or otherwise approve the following documents and such other documents as may be required to implement the transactions described below:
>
> > (a) A writ ... addressed to the 63rd Civil Federal Court at the Federal District of Mexico and to be signed by Compania Industrial Azucarera San Pedro, S.A. de C.V. ("San Pedro"), [GAM] and other judicially recognized creditors of San Pedro, pursuant to which the Trustee on behalf and for the benefit of the Holders agree to lift the suspension of payments procedure to which San Pedro is subject and release San Pedro of all of its obligations under the Indenture in exchange for a payment ....
>
> > (b) A writ ... addressed to the 63rd Civil Federal Court at the Federal District of Mexico and to be signed by Ingenio San Francisco El Naranjal, S.A. de C.V. ("San Francisco") and, jointly with San Pedro, the "Sugar Mills"), [GAM] and other judicially recognized creditors of San Francisco, pursuant to which the Trustee on behalf and for the benefit of the Holders agree to lift the suspension of payments procedure to which San Francisco is subject and release San Francisco of all of its obligations under the Indenture in exchange for a payment ....

(Cargill Direction Letter, p. 2).

62. BNYM took the action set forth in the Cargill Direction Letter.

63. BNYM fulfilled its obligations under the Cargill Direction Letter with the assistance of its legal counsel, Roman y Gordillo, S.C.

64. Under the terms of the Cargill Direction Letter, Cargill agreed to:

> pay and reimburse and be liable to the Trustee ... on demand for, and to indemnify and hold harmless [the Trustee] from and against, without limitation, any and all obligations, liabilities, judgments, claims, causes of action, costs and expenses (including fees and disbursements of legal counsel) ... incurred or suffered by [the Trustee] in any way arising out of or in connection with the compliance by the Trustee ... with this Direction Letter or taking action in accordance with said Direction Letter.

(Cargill Direction Letter, p. 2).

65. Pursuant to the terms of the Cargill Direction Letter, Cargill is required to indemnify BNYM for any and all costs, disbursements and attorneys' fees incurred in defending the Complaint.

66. In the event Plaintiffs recover damages against BNYM, Cargill will be liable to BNYM for the amount of such damages, plus interest and costs.

**WHEREFORE**, Defendant/Third-Party Plaintiff BNYM demands judgment against Third-Party Defendant Cargill in an amount to be determined at trial, plus attorneys' fees, interest and costs and such other and further relief as is just and proper.

## THIRD CAUSE OF ACTION
### (Against Rothschild)

67. Defendant/Third-Party Plaintiff BNYM repeats and realleges paragraphs 48-66 as if each was fully set forth herein.

68. Pursuant to the Rothschild Direction Letter, Rothschild instructed BNYM as Trustee under the Indenture to:

> Sign, acknowledge, or otherwise approve the following documents and such other documents as may be required to implement the transactions described below:
>
> > (a) A writ ... addressed to the 63rd Civil Federal Court at the Federal District of Mexico and to be signed by Compania Industrial Azucarera San Pedro, S.A. de C.V. ("San Pedro"), [GAM] and other judicially recognized creditors of San Pedro, pursuant to which the Trustee on behalf and for the benefit of the Holders agree to lift the suspension of payments procedure to which San Pedro is subject and release San Pedro of all of its obligations under the Indenture in exchange for a payment ....
> >
> > (b) A writ ... addressed to the 63rd Civil Federal Court at the Federal District of Mexico and to be signed by Ingenio San Francisco El Naranjal, S.A. de C.V. ("San Francisco") and, jointly with San Pedro, the "Sugar Mills"), [GAM] and other judicially recognized creditors of San Francisco, pursuant to which the Trustee on behalf and for the benefit of the Holders agree to lift the suspension of payments procedure to which San Francisco is subject and release San Francisco of all of its obligations under the Indenture in exchange for a payment ....

(Rothschild Direction Letter, p. 2).

69. BNYM took the action set forth in the Rothschild Direction Letter.

70. BNYM fulfilled its obligations under the Rothschild Direction Letter with the assistance of its legal counsel, Roman y Gordillo, S.C.

71. Under the terms of the Rothschild Direction Letter, Rothschild agreed to:

> pay and reimburse and be liable to the Trustee ... on demand for, and to indemnify and hold harmless [the Trustee] from and against, without limitation, any and all obligations, liabilities, judgments, claims, causes of action, costs and expenses (including fees and disbursements of legal counsel) ... incurred or suffered by [the Trustee] in any way arising out of or in connection with the

> compliance by the Trustee … with this Direction Letter or taking action in accordance with said Direction Letter.

(Rothschild Direction Letter, p. 2).

72.     Pursuant to the terms of the Rothschild Direction Letter, Rothschild is required to indemnify BNYM for any and all costs, disbursements and attorneys' fees incurred in defending the Complaint.

In the event Plaintiffs recover damages against BNYM, Rothschild will be liable to BNYM for the amount of such damages, plus interest and costs.

**WHEREFORE**, Defendant/Third-Party Plaintiff BNYM demands judgment against Third-Party Defendant Rothschild in an amount to be determined at trial, plus attorneys' fees, interest and costs and such other and further relief as is just and proper.

Dated: New York, New York
       March 30, 2012

                                THOMPSON & KNIGHT LLP

                                _____
                                Ira L. Herman
                                Gabrielle E. Farina

                                900 3rd Avenue, 20th Floor
                                New York, New York 10022
                                Telephone: (212) 751-3001
                                Facsimile: (212) 751-3113
                                ira.herman@tklaw.com
                                gabrielle.farina@tklaw.com
                                *Attorneys for Defendant/Third-Party*
                                *Plaintiff The Bank of New York Mellon*

## Certificate of Service

The undersigned certifies that on this 30th day of March 2012, a copy of the attached was electronically transmitted to the United States District Court, Southern District of New York using the Court's ECF system and was served upon Plaintiffs' counsel via electronic notice pursuant to the Court's ECF and federal express at the following address:

> Nicholas P. Giuliano, Esq.
> Bennett, Giuliano, McDonnell & Perrone, LLP
> 494 Eighth Avenue, 7th Floor
> New York, New York 10001

/s/ Ira L. Herman
Ira L. Herman